TANNENBAUM *et al. v.* REICH.

FRANKEL *v.* SAME.

(*City Court of New York, General Term.*   October 26, 1888.)

ARREST IN CIVIL CASES—FALSE REPRESENTATIONS OF SOLVENCY—EVIDENCE.

The falsity of defendant's representations of solvency, and his knowledge thereof, are sufficiently shown in support of an order of arrest by the entry of several judgments against him within three months after such representations, aggregating $5,000, upon which only $103 are realized. PITSHKE, J., dissenting.

Appeal from special term.

Motions to vacate orders of arrest granted in the actions of Lippman Tannenbaum and others against Henry Reich, and Simon Frankel against the same defendant, founded on promissory notes. The motions were denied, and defendant appeals.

Argued before NEHRBAS, McGOWN, and PITSHKE, JJ.

*Horwitz & Hershfield*, (*Wales F. Severance*, of counsel,) for appellant. *Franklin Bien*, for respondents.

NEHRBAS, J. The papers in the two cases are substantially the same. The motions are made upon the plaintiffs' papers alone. The actions are founded on promissory notes dated on and after September 7, 1887, running from three to seven months after date. These were given for diamonds purchased of the plaintiffs through a broker named Honigman. The defendant represented to this broker that he was solvent and good, and able to pay all his debts in full. These statements were communicated to the plaintiffs in each action before the sale by them of the diamonds, and the fact of such communication made known to the defendant by Honigman. Upon the faith of these representations plaintiffs parted with their goods, and accepted the notes in suit. There can be no doubt of the fact that the representations were made to Honigman with a view to their being communicated to the plaintiffs. On November 1, 1887, a judgment was entered in this court against the defendant for $1,674.07; on November 12th, another for $211.10; on the 17th, two others aggregating $555; and so on to the end of the month, when upwards of $5,000 appear entered against him. Suits are not ordinarily brought immediately after the incurrence of the liability. Debts aggregating $5,000 put in judgment within two or three months after a solemn declaration of solvency,·to say the least, demand explanation. And when coupled with the fact that only $103 was realized out of the defendant's property wherewith to pay all these judgments, the conclusion is irresistible that the defendant was insolvent when he purchased the goods from plaintiffs, and had no intention to pay for them. But, says the defendant, it must be shown that he knew he was insolvent. True; but the law implies that he knows what he ought to know. That is to·say, if he is in fact insolvent, he cannot close his eyes to that fact and disclaim knowledge thereof. The court is not bound to presume that any extraordinary event occurred whereby defendant's property disappeared. In the ordinary course of events, that property, including the diamonds purchased from plaintiffs, would not have been reduced practically to nothing in the space of two months. The falsity of the defendant's representations has, in my judgment, been sufficiently proven, and the orders appealed from must therefore be affirmed, with $10 costs, and disbursements in each case.

PITSHKE, J., (*dissenting.*) It seems to me that, by reason of the absence of the judgment rolls or their contents in the papers below, the amount or non-payment of the judgments mentioned was no evidence of insolvency at a prior date, over two months previous, inasmuch as it is not shown that the debts or damages whereon said several judgments are founded either existed or had (if existing) become due on the day when the alleged misstatement as to the defendant's solvency occurred. The arrest was for that. The said papers are therefore insufficient to sustain the arrests, and I therefore dissent from the conclusion reached by my associates. In my opinion, the orders appealed from should be reversed, with costs.